IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-12-128-D |
| | ) | (Case No. CIV-13-722-D) |
| MICHAEL JACKSON WINROW, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

**O R D E R**

Defendant Michael Jackson Winrow has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 32] and a Memorandum of Law in support of his motion [Doc. No. 33]. Pursuant to this Court's Order of July 17, 2013 [Doc. No. 35], the Government has filed a response to Defendant's motion. Doc. No. 37. Defendant has also filed a supplemental memorandum [Doc. No. 36], a reply to the Government's response [Doc. No. 38], and an objection to dismissal [Doc. No. 47].

In support of his motion, Defendant argues that his criminal history category should have been IV rather than V and that his advisory sentencing guideline range should have been 37 to 46 months rather than 46 to 57 months. He also argues that the case of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), somehow supports his position.

After pleading guilty to a one-count indictment charging Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), *see* Doc. Nos. 1 and 19,

Defendant was sentenced to a 46-month term of imprisonment. *See* Doc. No. 27. Defendant did not appeal.[1]

As the Government correctly points out, Defendant's failure to raise the sentencing issue on appeal precludes Defendant from raising it in a § 2255 motion unless Defendant can show cause excusing his procedural default and actual prejudice resulting from the complained-of errors, or show that a fundamental miscarriage of justice will occur if the claim is not addressed. *See United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). Defendant has not made such a showing. Even assuming that Defendant could show his counsel's performance was deficient after sentencing because she failed to advise him regarding an appeal, as Defendant suggests in his reply brief, Defendant cannot show that he was prejudiced.[2]

Although Defendant's prior convictions arose from a single incident, each conviction related to separate acts by the Defendant during the commission of the offense in its entirety. Each conviction was considered for the purpose of enhancing Defendant's criminal history points under Sentencing Guidelines § 4A1.1(e) to adequately reflect the seriousness of Defendant's crimes of violence and Defendant's specific criminal history. This was proper. *See*, *e.g.*, *United States v. Esqueda-Pina*, 362 F. App'x 426, 435 (5th Cir. 2010) (assessment

---

[1] At the same time that Defendant filed his § 2255 Motion, he made a filing with the court of appeals that was treated as a misdirected notice of appeal. The appeal was subsequently dismissed due to the untimely filing.

[2] Ineffective assistance of counsel may constitute cause for a procedural default. *See*, *e.g.*, *Ellis v. Hargett*, 302 F.3d 1182, 1186-87 (10th Cir. 2002).

of additional criminal history points under § 4A1.1(f) (now § 4A1.1(e)) was appropriate for two convictions resulting from the same charging instrument). Accordingly, Defendant cannot show prejudice resulting from any deficient performance by his counsel, and Defendant's argument directed to his criminal history category is without merit.

The recent Supreme Court decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), is of no assistance to Defendant. In *Alleyne*, the Supreme Court held that the constitutional rule announced in *Apprendi v. New Jersey*, 530 U. S. 466 (2000), applies to facts that increase the mandatory minimum punishment for a crime, and that under *Apprendi*, any fact other than a prior conviction that increased a mandatory minium sentence "is an element that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne,* 133 S. Ct. at 2153. In Defendant's case, unlike *Alleyne*, his offense did not involve a fact or "element" that increased the mandatory minimum sentence that could be imposed. *Alleyne* has no application to Defendant's case.

In summary, Defendant's claim is procedurally barred because he did not appeal his sentence. In any event, Defendant cannot show prejudice resulting from any deficient performance by his counsel because his challenge to his sentence lacks merit. Further, no evidentiary hearing is needed because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In accordance with the foregoing, Defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED this 16th day of May, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE